**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4013

MILTON EARL FAIRCLOTH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-94-300)

Submitted: February 25, 1997

Decided: August 15, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Paul A. Weinman, Assistant United States Attorney, Timika Shafeek,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Milton Earl Faircloth appeals his conviction for his role in a conspiracy to distribute crack cocaine. <u>See</u> 21 U.S.C. § 846 (1994). His only assignment of error is his contention that the district court improperly allowed one of Faircloth's co-conspirators, Lee Marvin Settle, to testify regarding a telephone conversation he had with Faircloth. The subject of the conversation, and the source of this controversy, was Faircloth's arrest in New York City.

Faircloth successfully argued in the district court that the arrest and subsequent search, which yielded a quantity of cocaine, were unsupported by probable cause. Consequently, the court suppressed the arresting officer's testimony and the drugs seized. However, the court allowed the Government to present Settle's testimony about Faircloth's telephone call from the New York jail. In the call, Faircloth described to Settle the circumstances of the arrest and the discovery of the drugs.

Faircloth urges this court to find that the district court's decision to allow this testimony was error. In support of this claim, Faircloth claims Settle's testimony was the "fruit of the poisonous tree" harvested from his illegal arrest in New York. <u>Wong Sun v. United States</u>, 371 U.S. 471, 487 (1963). As a threshold matter, in order to warrant suppression, Settle's testimonial evidence must be the product of the illegal government conduct. <u>New York v. Harris</u>, 495 U.S. 14, 19 (1990).

Rather than being a product of the illegality, the information is more accurately described as deriving from an "independent source," and is therefore admissible. <u>Murray v. United States</u>, 487 U.S. 533, 542 (1988). Although the Government in this case presumably initially learned of Faircloth's arrest in the possession of drugs through

2

the arresting officer, and therefore as a consequence of the illegal activity, the prosecutors also learned of the arrest and possession of drugs through Settle, whose testimony was obtained through entirely lawful activities. Id.

Even assuming the testimony is actually the product of the illegal arrest, there was no error in allowing the evidence. In addition to the requirement of a "closer, more direct link" to suppress live testimony, United States v. Ceccolini, 435 U.S. 268, 278 (1977), the evidence is sufficiently attenuated from the original illegality of the arrest and search. See Brown v. Illinois, 422 U.S. 590, 603-04 (1975). We employ a three-factor test to evaluate the degree of attenuation and consider (1) the time elapsed between the illegality and the acquisition of the evidence, (2) the presence of intervening circumstances, and (3) the purpose and flagrancy of the official misconduct. Id.

In this case all three factors weigh in favor of the admission of the evidence. There was significant delay between the illegal arrest in New York and Settle's contact with the Government. Faircloth was arrested twice more on suspicion of distribution of cocaine after the illegal arrest. Furthermore, the arresting officer's misconduct had nothing to do with the investigation into the conspiracy of which Faircloth and Settle were a part. The officer was merely overzealous in investigating what he believed was a robbery attempt. There was no error in admitting the evidence.

Faircloth urges this court to adopt a "but for" test in analyzing the admissibility of the evidence of the illegal arrest. This argument goes too far. While there must be at least "but for" causation, that causation alone is not sufficient to render evidence irretrievably "fruit of the poisonous tree." Segura v. United States, 468 U.S. 796, 815 (1984). As explained above, Settle's testimony evidence is not only sufficiently attenuated from the officer's illegal conduct, it is also from a sufficiently independent source to be admissible. As a result, we affirm Faircloth's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3